(Decided 29th June, 1881.)

---

FELIX MUNSHOWER *vs.* THE STATE OF MARYLAND.

*Mistake in the Initial letter of the Middle name of a Juror, on a trial for Murder, not a fatal Error—Objection to an Instruction as to the Effect of evidence, in a Criminal case, to be taken by Bill of exception, and not by Petition as upon Writ of error.*

Upon an indictment for murder, the regular panel of jurors having been exhausted, forty talesmen were ordered to be drawn from the box, and among those thus drawn, was the name of Joseph H. Brown. These forty talesmen, including the said Joseph, were summoned by the sheriff. The talesman summoned as Joseph H. Brown appeared, and was sworn upon the panel to try the cause as

Munshower *vs.* State.

Joseph B. Brown, such being his correct name, and he being the person intended by the Court when the name of Joseph H. Brown was selected and placed in the box to be drawn as a juror. The traverser was found guilty of murder in the first degree. On a motion in arrest of judgment, it was HELD:

That the mistake in the middle name of the juror, furnished no sufficient ground to arrest the judgment, there being no mistake as to the identity of the person.

Upon an indictment for murder, as the jury were about to retire to make up their verdict, the counsel for the prisoner requested the Court to instruct them as to the form of their verdict; the Court thereupon said to the counsel for the State, and to the counsel of the prisoner, "we suppose it is admitted, that under the evidence in this case, the verdict must be, either not guilty, or guilty of murder in the first degree." Neither party making any objection, the Court so instructed the jury, and no exception was taken to the instruction. The jury rendered a verdict of guilty of murder in the first degree. On a motion for a new trial, it was objected that this instruction was improper. The motion was overruled. On appeal as upon writ of error, it· was HELD:

That if there were error in the instruction, and an instruction upon a question of law arising during a criminal trial, be within the purview of the Act of 1872, ch. 316, the objection ought to have been taken by bill of exception, and not by petition as upon writ of error.

APPEAL as upon Writ of Error, from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, ALVEY, ROBINSON, IRVING and MAGRUDER, J.

*Milton G. Urner,* and *James McSherry,* for the plaintiff in error.

*Charles J. M. Gwinn, Attorney-General,* for the defendant in error.

ROBINSON, J., delivered the opinion of the Court.

The plaintiff in error was indicted for murder, and upon his trial by a jury, was found guilty of murder in the first degree.

The record comes into this Court by petition, as upon writ of error, designating the points or questions of law, by the decision of which he alleges that he was aggrieved.

In the first place, it appears that after the regular panel of jurors had been exhausted, the Court, in pursuance of the Act of 1867, ch. 329, directed that forty talesmen should be drawn from the jury-box then in Court, and among the talesmen thus drawn, was the name of Joseph H. Brown.

It also appears by the record, "that from the said talesmen summoned and returned to said Court by said sheriff, others of said jury were sworn as follows, to wit," among others, "*Joseph B. Brown.*"

In support of the motion in arrest of judgment, it is insisted that Joseph B. Brown was not qualified to sit as a juror, because he was not drawn as a talesman from the box; and that the verdict was therefore rendered by eleven jurors.

It was the duty of the Court to ascertain whether the persons offering to be sworn upon the panel, were the persons named in the *venire*, or strangers. And it appears from the record that the motion in arrest of judgment, was overruled, because the Joseph H. Brown, whose name was drawn from the box, and inserted in the *venire*, was the same person designated on the panel as Joseph B. Brown, and that Joseph B. Brown was the person intended by the Court when the name of Joseph H. Brown, was selected and placed in the box.

In this State, it is the duty of the Judges to select jurors, and their names are put in a box, from whence they are drawn by the clerk, in the presence of the Judge; and it appears from the record, that the Court found as

matter of fact, that Joseph H. Brown, who was selected by the Court as a juror, and whose name was drawn as a talesman, and Joseph B. Brown, who was summoned by the sheriff, and sworn as a juror, were one and the same person. This is not then a case in which one person personates another, or in which the juror sworn is a different person from the one selected and summoned. How far an error in this respect would be fatal, it is not necessary now to determine. It is sufficient to say, that we have not been able to find a case in which it has been held that a mere mistake in the middle name of a juror, is ground to arrest the judgment, where it appeared there was *no mistake as to the identity of the person.*

On the contrary, in *The Case of a Juryman, 12 East,* 231, it was held that a mistake in the Christian name of a juror, was not a fatal error. There it appeared, that Robert Curry, who served upon the jury, had answered to the name of Joseph Curry, and was sworn by that name. Upon inquiry, it was found that there was a person of the name of Joseph Curry, but that he was not a resident of the town or county; and that Robert Curry was a resident, and was qualified to serve on juries, and had been summoned. Upon the case being reserved, all the Judges were of opinion that this was no ground of objection, even if a writ of error had been brought, and upon the ground that the juror sworn and summoned, was the person intended.

And again in *Roe vs. Devys, Cro. Car.,* 563, where it appeared in the return to the *venire,* a juryman was named Samuel, but in the panel annexed he was called Daniel, and was sworn by that name, yet it further appearing upon inquiry that he was the person returned, and that his right name was Samuel, and that there was no other person of that name in the parish, it was held to be a mere misprision of the clerk, and the motion in arrest of judgment was overruled.

These cases are referred to in *Graham on New Trials*, and the author at page 32, says, "In England the correctness of the rule has been tested even in capital cases," and *that The case of a Juryman* "may be regarded as settled."

We are of opinion, therefore, both on principle and authority, that the motion in arrest of judgment was properly overruled.

It is assigned as error in the next place, that the Court instructed the jury that they could render only one of two verdicts, " guilty of murder in the first degree " or " not guilty."

It appears from the record, that just as the jury were about to retire to their room, the counsel for the prisoner requested the Court to instruct them as to the form of their verdict ; the Court then said. to the counsel for the State and to the counsel of the prisoner, " we suppose it is admitted, that under the evidence in this case the verdict must be either not guilty, or guilty of murder in the first degree." Neither party making any objection, the Court so instructed the jury, and no exception was taken to the instruction.   If there was any error in this instruction, and an instruction by the Court in this State upon a question of law arising during a criminal trial, be within the meaning of the act of 1872, ch. 316, then clearly the objection of the plaintiff in error to the instruction of the lower Court, as to the effect of the evidence in the cause, ought to have been taken by bill of exception, and not by petition as upon writ of error.

As a general rule, a writ of error in law lies only to correct errors in matters of law apparent on the face of the record, and such as might have formed sufficient ground at the proper time for a motion in arrest of judgment.   3 *Stephen's Comm.*, 689.

The petition in this case is heard as upon a writ of error, and the evidence upon which the instruction com-

plained of was based, is not to be found in, nor does it constitute a part of, the record.

For these reasons the judgment will be affirmed.

*Judgment affirmed.*

(Decided 29th June, 1881.)